Slip. Op. 10-141

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TARGET CORPORATION, : | |
| : | |
| Plaintiff, : | |
| v. : | Before: Jane A. Restani, Judge |
| : | |
| UNITED STATES, : | Court No. 10-00353 |
| : | |
| Defendant. : | |
| _____ : | |

## OPINION

[Plaintiff's motion for preliminary injunction is granted.]

Dated: December 23, 2010

Neville Peterson LLP (John M. Peterson and Maria E. Celis) for the plaintiffs.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Thomas M. Beline), of counsel; Office of the Assistant Chief Counsel International Trade Litigation, U.S. Customs and Border Protection (Paula S. Smith), of counsel, for the defendant.

The matter is before the court on plaintiff's motion for a preliminary injunction of liquidation of entries imported by plaintiff into the United States. That injunction has been granted.[1]

## BACKGROUND

Target Corporation ("Target") is an importer of cased pencils from the People's

---

[1] A temporary restraining order with respect to entries made through the Port of Savannah, Georgia was issued on December 7, 2010. Order (Dec. 7, 2010) (Docket No. 9).

Court No. 10-00353                                                                                                    Page 2

Republic of China ("PRC").  See Complaint ¶ 3 (Docket No. 2).  Such merchandise is covered by an antidumping duty order.  See Antidumping Duty Order: Certain Cased Pencils from the People's Republic of China, 59 Fed. Reg. 66,909, 66,909 (Dep't Commerce Dec. 28, 1994).  At issue here are liquidation instructions relating to an administrative review of that order.  See Certain Cased Pencils from the People's Republic of China, 75 Fed. Reg. 38,980, 38,980 (Dep't Commerce July 7, 2010) ("Final Results").  The review covered entries into the United States made during the period December 1, 2007, through November 30, 2008.  Id. at 38,981.  Although there is a China-wide entity rate of in excess of 100%, two companies which produced the cased pencils imported by Target were mandatory respondents in the review and demonstrated that they were separate from the China-wide entity.  See id.  They are China First Pencil Company, Ltd. ("China First") and Shanghai Three Star Stationery Co., Ltd. ("Three Star").  See id.  The Final Results established "a per-unit assessment rate for each importer (or customer)" of these producers.  Id. at 38,982.

Plaintiff asserts that the Liquidation Instructions issued by the Department of Commerce ("Commerce") to the Bureau of Customs and Border Protection ("Customs") are inconsistent with the Final Results.  Mem. of P&A in Supp. of Pl.'s Application for a TRO and Prelim. Inj. Against Liquidation of Certain Entries 14 18.

The key paragraph of the Liquidation Instructions is as follows:

1. FOR ALL SHIPMENTS OF CERTAIN CASED PENCILS FROM THE PEOPLE"S REPUBLIC OF CHINA EXPORTED BY THREE STAR STATIONARY INDUSTRY CO., LTD. (A-570-827-005), IMPORTED BY, OR SOLD TO, THE IMPORTER OR CUSTOMER (AS INDICATED ON THE COMMERCIAL INVOICE OR CUSTOMS DOCUMENTATION) LISTED BELOW AND ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR

>     CONSUMPTION DURING THE PERIOD 12/01/2007 THROUGH 11/30/2008.
>     ASSESS AN ANTIDUMPING LIABILITY EQUAL TO THE PER-UNIT
>     DOLLAR AMOUNT FOR EACH UNIT OF SUBJECT MERCHANDISE
>     LISTED BELOW.

Confidential Administrative R. ("Admin. R.") 1102.  There is a similar paragraph for China First.  See id. at 1096.  It differs only because it names certain affiliates of China First as exporters, which affiliates are also listed in the Final Results.  Compare id. at 1102, with Final Results, 75 Fed. Reg. at 38,981.  The list referred to contains the names of "importer(s) or customer(s)" of the Chinese manufacturers.  Among the "customers" are certain entities which were involved in the Target entries at issue.  In some cases they may be affiliated with purchasing agents in the United States, which placed orders for Target, the importer of record.

      The problem arose here because Three Star, and China First (including its named affiliates) apparently are not listed as "exporters" in the documents presented to Customs, but rather as "manufacturers" and the "exporters" seem in most cases to be the "customers."  Customs decided either on its own or under advice from Commerce to begin to liquidate these entries under this paragraph of the Liquidation Instructions:

>     1. FOR ALL SHIPMENTS OF CERTAIN CASED PENCILS FROM THE
>     PEOPLE'S REPUBLIC OF CHINA (PRC) EXPORTED BY THE PRC-WIDE
>     ENTITY (A-570-827-000) ENTERED, OR WITHDRAWN FROM
>     WAREHOUSE, FOR CONSUMPTION DURING THE PERIOD 12/01/2007
>     THROUGH 11/30/2008, ASSESS AN ANTIDUMPING LIABILITY EQUAL TO
>     114.90 PERCENT OF THE ENTERED VALUE.  ENTRIES MAY HAVE ALSO
>     ENTERED UNDER CASE NUMBERS A-570-827-001, A-570-827-007, AND
>     A-570-827-011.

Admin. R. 1092.

      Documentation presented to the court and examined by the Government indicate

that the sales at issue are for the most part the very sales of China First and Three Star that Commerce analyzed in arriving at the very low or de minimis customer specific assessment rates Target seeks to have applied to its entries, as opposed to the China-wide entity rate of 114.90 percent.

## JURISDICTION

If the Liquidation Instructions described above varied from the <u>Final Results</u> or reflected some decision made by Commerce after the <u>Final Results</u>, jurisdiction would lie under 28 U.S.C. § 1581(i)² to correct any error. If an error occurred in the <u>Final Results</u> for any reason, including failure of Target's manufacturers to present some information to Commerce, jurisdiction would lie only under 28 U.S.C. § 1581(c).³ The United States alleges that is the case. The statute of limitation has expired for an action under § 1581(c) and, in any case, plaintiff was not a participant in the underlying proceeding so it lacks standing to proceed under that section. <u>See</u> 28 U.S.C. § 2631(c). As an interested party, the importer, plaintiff could have participated. <u>Id.</u> If plaintiff had an adequate remedy under 28 U.S.C. § 1581(c), it may not bring an action

---

² "[T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States . . . that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise" or the "administration and enforcement" thereof. 28 U.S.C. § 1581(i)(2), (4). Nevertheless, "[t]his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade Under section 516A(a) of the Tariff Act of 1930." <u>Id.</u> at § 1581(i); <u>see also</u> <u>Shinyei Corp. of Am. v. United States</u>, 355 F.3d 1297 (Fed. Cir. 2004).

³ "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581(c) (relating to reviews of certain determinations by Commerce, including administrative reviews of antidumping duty orders).

under 28 U.S.C. § 1581(i). Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987). If instead the error is in the Liquidation Instructions, as indicated jurisdiction will lie under 28 U.S.C. § 1581(i), and this action would be timely, as liquidation is just now commencing. See Consol. Bearings Co. v. United States, 348 F.3d 997, 1002 03 (Fed. Cir. 2003); Shinyei, 355 F.3d at 1312. There is also a possibility that Customs made a decision which is incorrect under the Liquidation Instructions, in which case jurisdiction may eventually lie under 28 U.S.C. § 1581(a) (protest denial jurisdiction). Jurisdictional facts are unclear, but it appears 28 U.S.C. § 1581(i) jurisdiction is likely, as the Final Results do not seem to lead to the assessment rate proposed by the United States for the entries at issue.

## DISCUSSION

First, there is a strong possibility that liquidation will foreclose plaintiff's remedies. If the error would have been correctable under 28 U.S.C. § 1581(i) but liquidation is not enjoined, it is not clear that the liquidation may be overturned. See Am. Signature, Inc. v. United States, 598 F.3d 816, 829 (Fed. Cir. 2010) ("ASI") (citing Ugine & Alz Belgium v. United States, 452 F.3d 1289, 1297 (Fed. Cir. 2006)). Further, the jurisdictional facts which might establish 28 U.S.C. § 1581(a) jurisdiction, under which reliquidation may be ordered, have not been established. In such an uncertain situation, preservation of remedies is to be favored. See ASI, 598 F.3d at 828 30. Thus, plaintiff has satisfied the requirement to show irreparable harm.

Second, there is a likelihood of success on the merits or, at least, a very substantial question. As conceded by the Government counsel, most if not all of the entries at issue

Court No. 10-00353                                                                                                     Page 6

involved sales which formed the bases for Commerce's customer specific rates for the involved manufacturers. The Final Results refer to the manufacturers under a listing for "manufacturers/exporters," Final Results, 75 Fed. Reg. at 38,981, not just to "exporters," as do the Liquidation Instructions, Admin. R. 1096, 1102. While the "customers" information seems to match, the Liquidation Instructions do not appear to fully reflect the Final Results. Compare Final Results, 75 Fed. Reg. at 38,981, with Admin. R. 1096, 1102. At the very least there is ambiguity as to what "customer" is supposed to designate. This situation requires a halt to liquidation to resolve pending issues of law and fact.

Third, the balance of hardships favor Target. There seem to be no reason to believe that the United States will be deprived of anything if liquidation is enjoined, while Target may be in an irremediable situation without preliminary relief. See ASI, 598 F.3d at 829.

Finally, the public interest is served by permitting a full examination of the facts and law. See ASI, 598 F.3d at 830.

## CONCLUSION

The motion for preliminary injunction is granted and the parties shall submit a scheduling order by December 30, 2010.

                                                /s/ Jane A. Restani
                                                    Jane A. Restani
                                                          Judge

Dated: This 23rd day of December, 2010.
      New York, New York.